UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEWIS BRISBOIS BISGAARD & SMITH, LLP, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> RAINBOW SUNSET PAVILION BUILDING A, ) <br> LLC, *et al.*, ) <br> ) <br> Defendants. ) | Case No.: 2:09-cv-00815-RLH-PAL <br><br> **ORDER** <br><br> (Memo of Fees - Dkt. #19) <br> (Motion to Strike - Dkt. #28) |

This matter is before the court on the Memorandum of Fees and Costs (Dkt. #19) filed by Plaintiff pursuant to the court's order granting Plaintiff sanctions in the form of reasonable costs and attorney's fees incurred for appearing at a Judgment Debtor examination at which the Judgment Debtor failed to appear. An oral order was issued at the scheduled Judgment Debtor examination on December 15, 2009. See Minutes of Proceedings (Dkt. #18). The court entered a written order to show cause (Dkt. #20) on December 20, 2009 awarding sanctions and giving the Judgment Debtor until January 12, 2010 in which to show cause, in writing, why the Judgment Debtor should not be found in contempt of court for failing to appear for the Judgment Debtor examination on December 15, 2009 as ordered after being duly served through its resident agent with a copy of the court's order (Dkt. #16) ordering the Judgment Debtor examination. The order (Dkt. #20) warned the Judgment Debtor that failure to timely respond to the order to show cause would result in a contempt citation, and a bench warrant issued for the executive officer for the Defendant/Judgment Debtor for failure to comply with the court's order (Dkt. #16), failure to appear as ordered, and failure to respond to the order to show cause.

A hearing on the order to show cause was set for January 14, 2010 at 1:15 p.m. Counsel for Plaintiff/Judgment Creditor was ordered to serve a copy of the order on the resident agent for the Defendant/Judgment Debtor and file proof of service with the clerk of the court. Proof of service (Dkt.

#21) was filed January 7, 2010 which attached an affidavit of service indicating the order had been personally served on a person of suitable age and discretion at the address of the registered agent of the Judgment Debtor.  The Judgment Debtor did not appear at the hearing on the order to show cause and the court granted Plaintiff's request for additional sanctions in the form of costs and fees incurred for the additional proceedings in this matter.  See Minutes of Proceeding (Dkt. #22).  On January 27, 2010 the Plaintiff filed a supplemental memorandum of fees and costs (Dkt. #23) and a memorandum of points and authorities in support of a proposed order holding Defendant Rainbow Sunset Pavilion Building A, LLC in civil contempt and to issue a bench warrant for William W. Plise (Dkt. #24).  Non-party William W. Plise filed an opposition (Dkt. #25) on February 3, 2010.  Plaintiff filed a motion to deem Mr. Plise's sur-reply in support of his opposition a fugitive document and thus, strike it from the docket (Dkt. #28).

The Plaintiff's supplemental memorandum of fees and costs seeks an order awarding attorney's fees and costs in the amount of $3,350.91 in the conclusory paragraph.  However, the memorandum itself indicates that a total of 15.4 hours at the rate of $250 per hour, for a total of $3,850.00 was incurred in attorney's fees, and an additional $75.91 was spent in costs for duplication, postage and filing services.  The difference of $575 is the amount reflected on paragraph 7 on page 3 on the motion for time spent preparing for, traveling and appearing at the order to show cause hearing at which the Judgment Debtor failed to appear.

Plaintiff's memorandum of points and authorities (Dkt. #24) argues that non-party William W. Plise should be held in civil contempt and a bench warrant issued for his arrest because Defendant/Judgment Debtor Rainbow Sunset Pavilion Building A, LLC does not have directors, officers or shareholders.  Plaintiff conducted a search of the Nevada Secretary of State Business Entity Information online and determined that Field Law, Ltd. is listed as the resident agent for the Defendant, and that Aquila Management, LLC is listed under the "officers" section of the form as the manager.  In turn, William W. Plise is listed as an Officer/Manager of Aquila Management, LLC, and Field Law, Ltd. is listed as its resident agent.

Plaintiff indicates it has located Mr. Plise in Austin, Texas at a residence purchased January 15, 2009 for $1,750,000.  Because Rainbow Sunset Pavilion Building A, LLC does not have a CEO and is

managed by Aquila Management, which is in turn owned and operated by William Plise, Plaintiff argues that the only way for this court to meaningfully hold a person accountable for the numerous violations of this court's orders is to issue a bench warrant for William Plise.

Non-party William Plise filed an opposition to the Plaintiff's request for a civil contempt citation and bench warrant (Dkt. #25) which asserts that Mr. Plise did not receive notice of the Judgment Debtor examination hearing set December 15, 2009. Counsel for Mr. Plise also indicates Plise did not receive a notice of a hearing on the order to show cause. Counsel for Plise acknowledges that it appears Defendant's resident agent was served. However, now that it has come to Mr. Plise's attention and a bench warrant may issue for his arrest, counsel filed this opposition to argue that Plise was not personally served with a subpoena or other court documents, was not found personally liable for Defendant's debt, and did not receive notice of a Judgment Debtor exam or hearing on the order to show cause. Counsel for Plise points out that Plaintiff cited no case law or statutory authority authorizing issuance of a bench warrant for Mr. Plise's arrest. Relying on *Spear v. Rogers, Inc.*, 803 A.2d 1299 1301 (Maine, 1986), counsel for Plise argues Plise has not been found personally liable for Defendant's debt and the court has no authority to require that he appear for a Judgment Debtor examination or issue a bench warrant for his failure to appear. The *Spear* decision recognizes that a corporation's failure to appear as ordered may constitute grounds for contempt against the corporation, but that it does not present grounds for subjecting a principal to arrest. In this case, Mr. Plise is not a principal of the Defendant, but a manager of Aquila Management, LLC, which is the manager of the Defendant/Judgment Debtor. Plaintiff did not attempt to serve or notify Plise personally of the relevant hearings and motions despite seeking a bench warrant against him personally, and having information of where he resides. For all of these reasons, counsel for Plise requests that the court deny Plaintiff's request for a bench warrant.

Plaintiff filed a reply (Dkt. #26) which reiterates that Field Law, Ltd. was and still is the resident agent for service of process for the Defendant as well as Aquila Management, LLC. Field Law, Ltd. was served the court's orders and notices of hearing. Plaintiff asserts that Field Law, Ltd. Is the agent for service of process for both, and that there is no issue concerning whether this court has the authority to enter a bench warrant for a manager or CEO of the Defendant corporation for violation of the court's

1  orders. Rather, Plaintiff claims the only issue is whether or not Mr. Plise is that person. Plaintiff now
2  claims that "a multitude of case law that supports the notice [sic] that Mr. Plise as 'CEO' of Rainbow
3  Sunset can and should be held personally liable for the corporation violating a Court Order." Plaintiff
4  argues that Mr. Plise is, in effect, the CEO of the Defendant/Judgment Creditor. Because both
5  Defendant Rainbow Sunset and Aquila Management, LLC have the same resident agent for service of
6  process, and because Mr. Plise is the sole officer of Aquila Management, he must be held accountable
7  for disobeying the court's orders. Finally, Plaintiff points out that if Mr. Plise had not been aware of the
8  actions taken in this case, he would have had no reason to file a memorandum of points and authorities
9  opposing issuance of a bench warrant.

10  Counsel for Plise filed a sur-reply (Dkt. #27) "to clarify certain assertions made in Plaintiff's
11  reply". Plise clarifies that he does not contend that the resident agent did not receive notice of the
12  proceedings in this case. Rather, he claims that for reasons unknown to him, the resident agent did not
13  forward the notice to his attention. Plise understands that a warrant has been issued for the CEO of
14  Rainbow Sunset. However, he filed his opposition to Plaintiff's request for issuance of a bench warrant
15  to show why a bench warrant should not issue against him personally. Additionally, Plise asserts that
16  the office building owned by the Defendant was taken over by a receiver pursuant to an order issued in
17  the Eight Judicial District Court of the State of Nevada. A copy of the order is attached as an exhibit to
18  the sur-reply. The State Court's order enjoins the Defendant and its agents from "doing any act which
19  will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Property."
20  Thus, Plise argues that the Defendant/Judgment Debtor is not in possession of any other relevant
21  information, that Plaintiffs must seek the information they require from the Receiver and that "Plise is
22  not the sole party who may be responsible for the actions of Defendant."

23  Plaintiff filed a Motion to Strike (Dkt. #28) which argues the sur-reply is a fugitive document
24  and should be stricken from the docket.

25  The court directed Plaintiff to file a memorandum of points and authorities to provide legal
26  authority for the court's jurisdiction to enter sanctions or a bench warrant against Mr. Plise as Plaintiff
27  requested. Plaintiff filed a memorandum which cited no points and authorities. Pursuant to Local Rule
28  ///

7-2(d), "[t]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion."

Having reviewed and considered the moving and responsive papers,

**IT IS ORDERED** that:

1. The court find Plaintiff's Application for Costs and Attorney's Fees reasonable and awards monetary sanctions in the amount of $3,850.00 for attorney's fees, and an additional $75.91 in costs shall be awarded in favor of Plaintiff against the Defendant/Judgment Debtor.
2. Plaintiff's request for an order finding William W. Plise in contempt, and for issuance of a bench warrant is **DENIED**.
3. Plaintiff's Motion to Strike (Dkt. #28) is **DENIED.**

Dated this 21st day of June, 2010.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE